UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SWIFT LOGISTICS INC.,
EUDY E. CRISTOSTOMO-MENA,

                Plaintiffs,

    -against-

M & J TRUCKS SALES INC.,

               Defendant
--------------------------------------------------------------X

FILED
CLERK
2:41 pm, Nov 23, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
22-CV-1393 (GRB)(JMW)

**GARY R. BROWN, U.S. District Judge:**

In March 2022, plaintiffs commenced this action alleging the unlawful repossession of a truck that plaintiff Swift Logistics Inc. purchased from defendant M & J Trucks Sales Inc. *See generally* Compl., Docket Entry ("DE") 1. Defendant moves for summary judgment for lack of subject matter jurisdiction because the $75,000 amount in controversy threshold has not been met. DE 20. For the reasons set forth below, defendant's motion is GRANTED.

*Legal Standards*

In order to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), plaintiffs bear the burden of showing a "reasonable probability" that the claim is in excess of the $75,000 amount in controversy. *See Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). As the Second Circuit has explained:

> A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. *See Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975). This is so because when a party chooses to proceed in federal court, "[the party] knows or should know whether [the] claim is within the statutory requirement as to amount." *St. Paul Mercury*, 303 U.S. at 290, 58 S.Ct. at 591. The amount in controversy is determined at the time the action is commenced. *See Nationwide Mut. Fire Ins. Co. v. T & D Cottage Auto Parts and Serv., Inc.*, 705 F.2d 685, 688 (3d Cir.1983). In addition, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the

1

>statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289–90, 58 S.Ct. at 590–91 (footnote omitted).
>
>*Tongkook Am., Inc.*, 14 F.3d at 784.

Although "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), "[a] plaintiff's subjective belief, alone, cannot be the controlling factor where, pre-trial, there is '[a] showing that, as a legal certainty, [the] plaintiff cannot recover the jurisdictional amount.'" *Tongkook Am., Inc.*, 14 F.3d at 785 (citation omitted). An action must be dismissed "if the legal impossibility of recovering above the threshold amount is 'so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim.'" *Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l - New York Branch, Inc.*, 821 F. App'x 32, 34 (2d Cir. 2020) (citation omitted). "The 'legal certainty' inquiry is 'analyzed by what appears on the face of the complaint.'" *Id.* at 34. "[A] court may resort to 'matters outside of the pleadings . . . to amplify the meaning of the complaint's allegations.'" *Steinberg v. Zebrasky*, No. 10 CIV. 4372 (RJS), 2011 WL 2565498, at *2 (S.D.N.Y. June 14, 2011) (citation omitted). "Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am., Inc.*, 14 F.3d at 785.

"In a conversion claim, the measure of damages is the fair market value of the property converted at the time of the conversion." *Stengel v. Black*, No. 03 CIV. 0495 (GEL), 2004 WL 1933612, at *2 (S.D.N.Y. Aug. 30, 2004). However, "a judgment for possession in a replevin action generally includes an alternative award of a money judgment in the amount of the chattel's value at the time of trial . . . in the event that the chattel can no longer be found in the defendant's possession." *John Paul Mitchell Sys. v. Quality King Distributors, Inc.*, 106 F. Supp. 2d 462, 478 (S.D.N.Y. 2000) (citation omitted). As the New York Court of Appeals has explained, "in a replevin action, or in an action where restitution or specific performance is allowed, the measure

2

of damages is the value at the time of the trial, on the theory that the true owner had a continuing right to possession of the painting and can be made whole only by return of the item or by payment of its value at the time of trial." *Hicks v. Leslie Feely Fine Art, LLC*, No. 1:20-CV-1991(ER), 2021 WL 982298, at *5 n.3 (S.D.N.Y. Mar. 16, 2021) (quoting *Will of Rothko*, 56 A.D.2d 499, 392 N.Y.S.2d 870, 874 (1st Dep't 1977)).

Finally, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)). "[T]he amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Id.* (quoting *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (internal quotations omitted)).

*Relevant Facts*

Plaintiffs, citizens of New York, purchased two trucks ("Truck 1" and "Truck 2") from defendant, a New Jersey citizen, in September 2020 and December 2020, respectively. Compl., DE 1, ¶¶ 4–7, 13. In December 2021, defendant sent a notice regarding an alleged default on Truck 2 and erroneously repossessed Truck 1. DE 1, ¶¶ 15–16. Plaintiff paid $9,000 for the repossession of Truck 1, which was returned damaged and could not be operated safely without repairs. DE 1, ¶ 19. Defendant later sent notices regarding alleged defaults on Trucks 1 and 2, and on March 9, 2022 defendant erroneously repossessed Truck 1 and attempted to repossess Truck 2, leaving it damaged and inoperable. DE 1, ¶¶ 21–22, 29–30. The complaint does not specify in what manner Truck 2 was damaged or allege the cost of repairs, and, at a subsequent

3

hearing, plaintiff's counsel clarified that Truck 2 was "disabled." Mar. 22, 2022 Telephonic Hearing. The March 14 complaint sets forth counts for (1) replevin, (2) breach of contract, (3) an accounting, and (4) injunctive relief. DE 1, ¶¶ 31-55. Plaintiffs seeks money damages in the sum of $100,000 and the return of Truck 1. DE 1, ¶¶ 36, 43, 55.

Defendant avers that plaintiffs owe $11,474.49 on one of the trucks and $31,515.32 on the second truck, totaling $42,989.81. DE 20 at 2; DE 21, ¶ 4. Plaintiffs do not dispute that the amount due under the contracts is less than $75,000. Rather, plaintiffs' R56.1 Counterstatement alleges, "Through this action, Defendant owes Plaintiff an amount as of yet determined but in excess of $75,000." DE 23-2, ¶ 4. Eudy E. Cristostomo-Mena, plaintiff and cosigner on the contracts for the Trucks, avers that plaintiffs have lost business opportunities because of the sidelined trucks. He asserts, "Plaintiffs lose, at least, $500 per day for each truck that has been out of service." DE 23-1, ¶ 2. Thus, "Plaintiffs' damage calculation includes a minimum of $75,000" during the approximately 150 days that have passed between the Truck's repossession on March 9, 2022 and his August 26, 2022 affidavit. DE 23-1, ¶¶ 2-3.

Defendant avers that the total value of the Trucks sold does not exceed $75,000. DE 21, ¶ 5. Indeed, the contracts indicate that in late 2020 the cash price for Truck 2, a 2014 model with 174,898 miles, was $36,500, DE 4-2 at 3, and the cash price for Truck 1, a 2014 model with an unknown mileage, was $28,000, DE 4-3 at 2 – totaling $64,500 for both Trucks. Plaintiffs dispute the value of the Trucks and submit evidence of comparable trucks selling for at least $77,000 in 2022. DE 23-2, ¶ 5. For example, in March 2022 the truck-leasing company Penske listed for $77,000 a 2014 model of the same truck with 280,832 miles. DE 8 at 15, Ex. K. Another 2014 model of the same truck with 125,375 miles was listed for $85,750. *Id.* at 8.

4

*Discussion*

Defendant argues that the amount in controversy requirement is not satisfied because the total amount due for the Trucks is only $42,989.81, and plaintiffs cannot provide any evidence to support their claim that they suffered $100,000 in damages due to the inability to utilize their Truck for several weeks. DE 20 at 2. Plaintiffs, meanwhile, argue that the amount in controversy requirement is satisfied because over 150 days have passed since Truck 1's repossession and plaintiffs lose $500 each day a truck is out of service. DE 22.

Both parties' arguments miss the mark. Plaintiffs' position is incorrect because the amount in controversy requirement is assessed as of the date of the filing of the action. *See Tongkook Am., Inc.*, 14 F.3d at 784. Truck 1 was repossessed on March 9, 2022 and this action was commenced on March 14, 2022. Since Truck 1 had been repossessed for only five days, under plaintiffs' theory it would have been impossible for plaintiffs to suffer over $75,000 in damages as of the date of the filing of the complaint. As for defendant, even if the total amount due for the Trucks is under $75,000, the amount in controversy requirement can be satisfied through plaintiffs' claim for replevin.

In a replevin action, "a judgment for possession . . . generally includes an alternative award of a money judgment in the amount of the chattel's value at the time of trial . . . in the event that the chattel can no longer be found in the defendant's possession." *John Paul Mitchell Sys.*, 106 F. Supp. 2d at 478. Plaintiffs have submitted evidence of similar trucks advertised for over $75,000 when this action was filed in March 2022. One truck of the same model and year as plaintiff's with 100,000 more miles than Truck 2 was listed for $77,000, while another truck of the same model and year as plaintiff's with 50,000 fewer miles was listed for $85,750. *See* DE 8 at 8, 15. Accordingly, a reasonable estimate for the value of Truck 1 could be the average of these two

comparables, which is $81,375. Nonetheless, the amount owed must be set off against the value of the Truck. Plaintiffs do not dispute that they owed $11,474.49 on one of the Trucks and $31,515.32 on another. DE 20 at 2; DE 23-2, ¶ 4. Assuming, conservatively, that only $11,474 was owed on Truck 1, then the amount in controversy would be $81,375 minus $11,474, which equals $69,901 – below the $75,000 amount in controversy minimum. Although plaintiffs claim that Truck 2 was "disabled," they make no allegations regarding the extent of the damages or the cost of repairs which could conceivably push the amount in controversy over the minimum. As such, the Court finds that plaintiffs have failed to satisfy their burden of showing a reasonable probability that the claim is in excess of the statutory jurisdictional amount.

*Conclusion*

For the foregoing reasons, defendant's motion for summary judgment seeking dismissal for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated:

    Central Islip, New York         s/ Gary R. Brown
    November 23, 2022              GARY R. BROWN
                                     United States District Judge